**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ABOU-BAKR K. IBRAHIM,
Plaintiff-Appellant,

v.

SHIRLEY ANN JACKSON, CHAIR,
UNITED STATES NUCLEAR
REGULATORY COMMISSION,
Defendant-Appellee.

No. 97-1269

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-95-3737-PJM)

Argued: January 28, 1998

Decided: March 5, 1998

Before RUSSELL,* WIDENER, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Gary Howard Simpson, Bethesda, Maryland, for Appel-
lant. Donna Carol Sanger, Assistant United States Attorney, Balti-

_____

*Judge Russell heard oral argument in this case but died prior to the
time the decision was filed. The decision is filed by a quorum of the
panel. 28 U.S.C. § 46(d).

more, Maryland, for Appellee. **ON BRIEF:** Lynne A. Battaglia, United States Attorney, Baltimore, Maryland; Sangeeta Vora, Office of the General Counsel, U.S. NUCLEAR REGULATORY COMMIS-SION, Rockville, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Abou-Bakr K. Ibrahim appeals an order of the district court granting summary judgment to the Nuclear Regulatory Commission (NRC) on Ibrahim's claims of gender and age employment discrimination. See 42 U.S.C.A. § 2000e-2(a) (West 1994); 29 U.S.C.A. § 623(a)(1) (West 1985). Finding no error, we affirm.

I.

Ibrahim's action arises out of his unsuccessful application for a promotion to the position of Senior Staff Scientist for the Advisory Committee on Nuclear Waste (ACNW) of the NRC. The ACNW sought an applicant with project-management skills and a background in the earth sciences, including hydrology. Project-management skills were important because the Senior Staff Scientist was required to spend significant time organizing meetings with NRC staff and other government agencies and directing groups of ACNW members, technical consultants, fellows, and interns--duties requiring an ability to deal with a wide range of personalities with tact and diplomacy.

Richard K. Major, Chief of the Nuclear Waste Branch of the ACNW, was the selecting official for the position. After assisting in creating the vacancy announcement, he established an independent rating panel to review the applications received. Thirty-nine individuals, both internal and external to NRC, applied. Pursuant to ACNW

2

practice, the panel rated the applicants' qualifications against the factors listed on the vacancy announcement, which corresponded to the duties of the position. Consistent with applicable merit selection procedures, internal applicants were given first consideration.

Following interviews with the six highest rated internal applicants --including Ibrahim, a male who was then 54 years old--Major narrowed consideration to two individuals, both of whom were also males over age 40, based on their earth sciences backgrounds and their ability to manage ACNW activities. Ibrahim was not selected for final consideration because he had not demonstrated the type of project-management skills the ACNW was seeking. When neither of these candidates received enthusiastic responses after interviews with panel members, Major decided to consider external candidates. Major determined that only one of the highest rated external applicants-- Lynn Deering, a 34-year-old woman--had the requisite earth sciences background. Consequently, she was the only external candidate interviewed. Following the interview, Major concluded that Deering was the best qualified applicant for the position based on her qualifications in the earth sciences, with an emphasis in hydrology, and in project management. Therefore, when Major received favorable responses from Deering's references, he selected Deering for the position.

After deciding to hire Deering, consistent with ACNW procedures concerning the hiring of an external applicant over an internal one, Major prepared a memorandum justifying his selection in which he described Deering's technical background and superior interpersonal skills. Major also noted that "[h]iring Ms. Deering will contribute to the accomplishment of NRC's [Equal Employment Opportunity (EEO)] objectives." J.A. 638. Notwithstanding Major's reference to the EEO objectives, he later testified they were not a factor in his decision to select Deering and that he added the sentence only as an afterthought.

Subsequently, Ibrahim filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging that the NRC's failure to promote him was the product of gender and age discrimination. After the EEOC issued a right-to-sue letter, Ibrahim commenced this action in federal district court. Following discovery, the district court granted summary judgment to the NRC on the basis that Ibrahim had

3

failed to create a genuine issue of material fact with respect to whether the NRC's articulated nondiscriminatory reasons for the failure to promote Ibrahim were mere pretext for discrimination.

II.

We review a grant of summary judgment de novo. See Becerra v. Dalton, 94 F.3d 145, 148 (4th Cir. 1996), cert. denied, 117 S. Ct. 1087 (1997). An individual alleging failure to promote may survive summary judgment in the absence of direct evidence of discrimination by presenting circumstantial evidence under the burden-shifting scheme articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). See Halperin v. Abacus Tech. Corp., 128 F.3d 191, 196 (4th Cir. 1997). Under the McDonnell Douglas scheme, the plaintiff must first present evidence sufficient to establish a prima facie case of discrimination. See McDonnell Douglas, 411 U.S. at 802. The burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment decision. See id. Following the defendant's articulation of its nondiscriminatory reasons, the plaintiff must then present evidence sufficient to create a genuine issue of fact regarding whether the defendant's proffered reasons are a pretext for intentional discrimination. See id. at 804.

Here, the NRC concedes that Ibrahim's evidence was adequate to establish a prima facie case of discrimination. Additionally, the NRC clearly articulated a legitimate, nondiscriminatory basis for its selection of Deering. Ibrahim, however, failed to produce evidence creating a jury issue regarding whether the NRC's proffered reasons are pretextual. The evidence in the record points to only one conclusion, that Deering was judged by Major and the others involved in the decision-making process to be the most qualified applicant for the position based on her extensive hydrology background and her superior interpersonal skills. Nothing in the record supports a reasonable inference that age or gender were factors in the conclusion that Deering was more qualified for the position. Major's statement--made after he completed his selection process--that the selection would further the NRC's EEO objectives does not by itself create a jury issue as to whether gender or age were factors in the decision. Consequently, we conclude that the district court correctly granted the NRC's motion for summary judgment.

AFFIRMED

4